# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MELANIE JERUSALEM, *Plaintiff,* v. DEPARTMENT OF STATE LOUISIANA; and R. KYLE ARDOIN, *in his official capacity as Secretary of State of Louisiana*, *Defendants.* | Civil Action No. 3:22-CV-00516-SSD-EWD<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Erin Wilder-Doomes |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This memorandum is filed on behalf of the Defendants, the Department of State for Louisiana, and R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana ("Defendants"), who have moved that the purported federal and state claims alleged by the Plaintiff be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, if the Court decides to only dismiss Plaintiff's proposed federal claims, Defendants move that the Court decline to exercise supplement jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1376(a)(3). In support of this motion, Defendants show the Court as follows.

## STATEMENT OF THE CASE

The original Complaint in this case was filed on July 28, 2022. (D.E. 1). In the Complaint, Plaintiff requested that the Court grant an "emergency injunction" or a temporary restraining order ("TRO"). (*Id*. at pp 19–20). On August 12, 2022, Plaintiff filed her Amended Complaint.[1] (D.E. 4). Defendants were served with the Amended Complaint until August 16, 2022. On August 17,

---
[1] The only difference between the original and amended complaints is the title of the documents. (*Compare* D.E. 1 *with* D.E. 4). All facts, allegations, and claims therein are virtually identical. (*See id*.).

2022, the Court denied Plaintiff's motion for a TRO[2]. (D.E. 7). Defendants' Motion to Dismiss is being filed contemporaneously with this memorandum.

## RELEVANT ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The Complaint allegedly prepared by this *pro se* plaintiff is nearly identical to two other purported *pro se* cases, recently filed in the United States District Court for the Western District of Louisiana and the United States District Court for the Eastern District of Louisiana. *See Jungemann v. Department of State Louisiana, et al.*, 1:22-CV-02315-EEF-JPM (W.D. La. July 28, 2022) (D.E. 1); *Soudelier v. Department of State Louisiana, et al.*, No. 2:22-CV-02436-SSV-DPC (E.D. La. August 1, 2022) (D.E. 1). In all three complaints, in "Count I," Plaintiffs alleged claims under "Louisiana Election Laws" and the "HAVA Act," based upon Defendants' alleged failure to use certified electronic voting systems to conduct elections in Louisiana. (*See e.g.*, D.E. 1 at p 9). Plaintiffs contend that Defendants' alleged failure to use certified electronic voting systems violates 52 U.S.C. § 20971 and several Louisiana statutes. (D.E. 4 at pp 11–17). Plaintiffs also contend that allowing elections to proceed using "uncertified machines" violates their rights under the Fourteenth Amendment and several other Louisiana state statutes. (*Id.* at pp 16–17). In "Count II," all three plaintiffs seek a "Declaratory Judgment" that Defendants be ordered to retain election records according to the requirements of 52 U.S.C. § 20701 and § 20705. (*Id.* at pp 17–18).

---

[2] Plaintiff filed a separate purported Motion for Temporary Restraining Order on August 16, 2022. (D.E. 6). The only difference between the Motion for TRO, the original Complaint, and the Amended Complaint is the title of the documents. (*Compare* D.E. 6 *with* D.E. 1 *and* D.E. 4). Though Defendants were not served with the Motion, this Court denied it in its entirety on August 22, 2022. (D.E. 21).

# ARGUMENT

## I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a complaint on the grounds that it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lincoln v. Turner*, 874 F.2d 833, 839 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* plaintiff's pleadings are construed liberally. *Levitt v. Univ. of Texas at El Paso*, 847 F.2d, 221, 224 (5th Cir. 1988); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, even *pro se* complaints "must set forth facts giving rise to a claim upon which relief may be granted." *Levitt*, 847 F.2d at 224 (internal citation omitted). Under this standard Plaintiff's Complaint should be dismissed.

Regarding Plaintiff's federal claims, in Count I, Plaintiff relies upon the Help America Vote Act ("HAVA"), 52 U.S.C. § 20971(b) (formerly 42 U.S.C. § 15371(b)). (D.E. 4 at p 14). In Count II, Plaintiff relies upon the Federal Election Records ("FER") laws, 52 U.S.C. § 20701. (*Id.* at p 17). In Count II, Plaintiff claims that alleged violations by Defendants of various Louisiana Election Code provisions also violate Plaintiff's rights under the Fourteenth Amendment. (*Id.* at pp 17–18). Neither of Plaintiff's "Counts" state claims upon which relief can be granted.

First, Plaintiff has not stated a claim under federal law. HAVA does not provide for a private right of action. *See Morales-Garza v. Lorenzo-Giguere*, 277 Fed. Appx. 444, 445 (5th Cir. 2008) (per curiam) ) ("HAVA does not provide the declaratory relief sought by [plaintiff]."); *see also Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."); *Brunner v. Ohio Republican Party*, 555 U.S. 5, 5

(2008) (per curiam); *Texas Voters All v. Dallas Cty.*, 495 F. Supp. 3d 441, 459 (E.D. Tex 2020). Even assuming HAVA provided a private cause of action in some circumstances, the provisions of HAVA cited by the Plaintiff related to the certification of voting systems are clearly optional. *See* 52 U.S.C. § 20971(a). Next, the FER does not create a private right of action. *See Fox v. Lee*, No. 18-529, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019). Instead, the FER Act is enforced exclusively by the Attorney General. *Id.* Finally, Plaintiff's "vague and conclusory allegations" fail to state a claim for violation of Plaintiff's rights under the Fourteenth Amendment. *See Kimble v. Parish of Jefferson*, No. 21-409, 2021 WL 6520212, at *3 (E.D. La. Dec. 20, 2021); *Bush v. Monroe*, No. 17-541, 2018 WL 4648732, at *85 (E.D. Tex. July 30, 2018).

Plaintiff's attempt to allege state law claims fares no better. The Louisiana Election Code does not provide for a private right of action and instead may only be enforced by the local district attorneys or the Attorney General of Louisiana. *See Treen v. Republican Party of La.*, 768 So.2d 273, 278 (La. App. 1 Cir. 2000). Like Plaintiff's defective pleadings concerning alleged federal law claims, Plaintiff's allegations regarding the Louisiana Election Code do not state a claim upon which relief can be granted.

## II. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIMS.

In the unlikely event that the Court decides to dismiss only Plaintiff's purported federal causes of action for failure to state a claim, the Court should decline to exercise jurisdiction over Plaintiff's state claims and dismiss this action for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and the burden is on the party asserting federal court jurisdiction to "allege a plausible set of facts establishing jurisdiction." *Physician Hospitals of America v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (defining a plaintiff's burden of proof under Fed. R. Civ. P. 12(b)(1)).

The Court's jurisdiction over Plaintiff's state law claims is governed by 28 U.S.C. § 1367(a). This statute allows the Court to exercise "supplemental jurisdiction" to hear and decide state law claims when they "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). But "[u]nder § 1367(c)(3), 'the district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it had original jurisdiction.'" *Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992) (quoting 28 U.S.C. § 1367(c)) (holding that district court's dismissal of a cause of action under the law of the State of Texas was proper when the underlying federal question was dismissed, stripping the court of original jurisdiction). Typically, "[w]hen district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. District of Columbia*, 138 S.Ct. 594, 597–98 (2018).

Even under the most liberal construction of Plaintiff's complaint, Plaintiff has clearly failed to state a federal cause of action upon which relief can be granted. Upon the dismissal of Plaintiff's federal claims, there will be no claims remaining for the Court to continue to exercise its original federal question jurisdiction. As a result, the Court should decline supplemental jurisdiction and dismiss Plaintiff's remaining state law claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, even assuming that Plaintiff has stated a claim upon which relief can be granted under the laws of Louisiana.

**CONCLUSION**

For the reason stated above, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted, this the 6th day of September, 2022.

/s/ Phillip J. Strach
Phillip J. Strach*
phillip.strach@nelsonmullins.com
*Lead Counsel*
Thomas A. Farr*
tom.farr@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800
Fax: (919) 329-3799

/s/ *John C. Walsh*
John C. Walsh, LA Bar 'Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Baton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561
Email: john@scwllp.com

*Admitted pro hac vice*

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of September, 2022, I served the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** upon the following persons via United States Mail, postage fully prepaid:

Melanie Jerusalem
5130 Woodside Drive
Baton Rouge, LA 70808


/s/ Phillip J. Strach
Phillip J. Strach